UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PATRIOT HOMES, INC., *et al.*,[1] | ) | Case No. 08-33347-hcd |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' MOTION TO (I) SELL CERTAIN BUSINESS PERSONAL PROPERTY AT PUBLIC AUCTION FREE AND CLEAR OF LIENS; AND (II) LIMIT NOTICE**

The above-captioned debtors and debtors in possession (collectively, the "*Debtors*"), through their undersigned counsel, hereby seek authority (the "*Motion*") to (i) sell certain personal property located at the Debtors' Texas facility (*i.e.*, tools, equipment, office supplies; collectively, the "*Personal Property*") at a public auction; and (ii) limit notice with respect to the relief requested herein. In support of the Motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein is section 363 of the Bankruptcy Code (the "*Bankruptcy Code*") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

---

[1] The Debtors are the following entities: Patriot Homes, Inc. ("*Patriot*"), Patriot Homes of Texas, L.P. ("*Patriot Homes of Texas*"), Patriot Sales, Inc. ("*Patriot Sales*"), Patriot Manufacturing Inc. ("*Patriot Manufacturing*"), Patriot Acceptance Corporation ("*Patriot Acceptance*"), Patriot Asset Protection, Inc. ("*Patriot Asset*"), Patriot General, Inc. ("*Patriot General*"), and Patriot Texas Mfg. Limited, Inc. ("*Patriot Mfg*").

E-464881 v1

**Background**

3. On September 28, 2008 (the "*Petition Date*"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Cases*"). Simultaneously with the filing of their petitions, the Debtors requested an order for joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b), which was granted on September 29, 2008. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4. The Debtors recently ceased operations at their Texas facility (the "*Texas Facility*"). Because business operations are no longer being conducted at this facility, the Debtors seek authority to sell the Personal Property at auction. The Debtors have not yet sought to employ an auctioneer to handle the auction of the Personal Property, but anticipate doing so in the near future.

**Requested Relief**

5. By this Motion, the Debtors seek the authority to sell the Personal Property through an auction pursuant to section 363 of the Bankruptcy Code. The Debtors also request that notice of this Motion be limited to (i) Wells Fargo Business Credit; (ii) the Official Committee of Unsecured Creditors (the "*Committee*"); (iii) the Office of the United States Trustee; and (iv) those parties requesting service of papers in these chapter 11 cases.

**Basis for Relief**

6. Section 363 of the Bankruptcy Code provides that a debtor-in-possession, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). To approve the use, sale, or lease of property

outside the ordinary course of business, there must be some "articulated business justification." *See, e.g., Fulton State Bank v. Schipper*, 933 F.2d 513, 515 (7th Cir. 1991); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *Stephens Inc. v. McClung*, 789 F.2d 386, 389-90 (6th Cir. 1986); *In re Abbott Dairies of Pa., Inc.*, 788 F.2d 143, 145-47 (3rd Cir. 1986); *In re Telesphere Communications, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1999); *In re Delaware & Hudson Rv. Co.*, 124 B.R. 169, 175-76 (D. Del. 1991).

7. Once a valid business justification is established, the business judgment rule "is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was taken in the best interests of the company." *In re S.N.A. Nut Company*, 186 B.R. 98, 102 (Bankr. N.D. Ill. 1995) (citing *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)); *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992). Therefore, the relief requested in this Motion should be granted if the Debtors demonstrate a sound business justification for the request. *See Schipper*, 933 F.2d at 515; *In re Lionel Corp.*, 722 F.2d at 1071; *In re Delaware Hudson Rv. Co.*, 124 B.R. at 179.

8. As described above, the Debtors seek to sell certain Personal Property because the Texas facility is no longer operating. The Debtors believe that it is in the best interest of the estates and that they should be authorized to sell the Personal Property at public auction at the earliest possible date in accordance with their business judgment and the advice of an auctioneer. The auction will be conducted and noticed in a usual and customary manner for similar auctions.

9. In addition, Wells Fargo Business Credit ("*Wells Fargo*") has a security interest in the Personal Property. Section 363(f)(5) of the Bankruptcy Code provides that a debtor in possession may sell property free and clear of any lien, claim, or interest in such property if,

among other things, all holders of interests (i) consent to such sale, or (ii) can be compelled to accept a money satisfaction of such interests in legal or equitable proceedings. 11 U.S.C. § 363(f)(5). As part of the agreement to use cash collateral, Wells Fargo does consent to the sale. Therefore, an order granting the relief requested herein can be approved under section 363(f)(5) of the Bankruptcy Code.

### Request to Limit Notice

10. Pursuant to Bankruptcy Rule 2002, the Debtors must give *all creditors* at least 20 days' notice for a proposed use or sale of property outside the ordinary course of business. Bankruptcy Rule 9006(c) states that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c).

11. Cause exists to limit the notice mandated by Bankruptcy Rule 2002(a)(2) which requires that notice be served upon all creditors. The Debtors believe that hundreds, if not thousands of creditors exist in these cases, and that all are adequately represented by the Committee. Among other things, it would be extremely burdensome and costly for the Debtors' estates to provide notice to all creditors. Accordingly, the Debtors request that notice of the Motion be limited to Wells Fargo, the Committee, the Office of the United States Trustee, and those parties requesting service of papers filed in these cases.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order (i) authorizing the sale of the Personal Property at public auction free and clear of all liens, claims, encumbrances, and pursuant to the Agreement; (ii) limiting notice with respect to the relief requested herein; and (iii) granting such other and further relief the Court deems just and proper.

Dated:  March 31, 2009

Respectfully submitted,
**PATRIOT HOMES, INC.,** *et al.*

/s/ Sven T. Nylen
K&L Gates LLP
Harley J. Goldstein (Admitted in N.D. Indiana)
Sven T. Nylen (Admitted in N.D. Indiana)
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Telephone:  (312) 372-1121
Facsimile:  (312) 827-8000